IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RUGH A. MASON and SHERRY L. MASON, )
husband and wife, )
            Plaintiffs, )
)
    vs )    Civil Action No. 12-369
)
RANGE RESOURCES-APPALACHIA, LLC and )
NISOURCE ENERGY VENTURES, LLC, )
            Defendants. )

## MEMORANDUM ORDER

Plaintiffs Rugh A. Mason and his wife, Sherry L. Mason (together, the "Plaintiffs"), filed an action in the above-captioned case, seeking a declaration that they, and not defendants Range Resources-Appalachia, LLC ("Range Resources") and NiSource Energy Ventures, LLC ("NEVCO" and together with Range Resources, the "Defendants"), own all drilling and production rights to the natural gas associated with their land. In addition, they allege that Range Resources tortiously interfered with Rugh Mason's relationship with his employer after he refused to amend and ratify an old gas lease or enter into a new lease with Range Resources for gas production rights.

On December 23, 2013, Plaintiffs filed a motion for partial summary judgment with respect to the gas production rights claim and a "motion in limine." Defendants filed their opposition on January 13, 2014, and in addition, they filed a motion to strike Plaintiffs' motion for partial summary judgment.

On February 26, 2014, the magistrate judge filed a Report and Recommendation ("R&R") which recommended that Plaintiffs' motion in limine be dismissed, that Defendants' motion to strike Plaintiffs' motion for partial summary judgment be denied and that Plaintiffs' motion for

partial summary judgment itself be denied. The parties were allowed until March 12, 2014 to file objections. Although Plaintiffs did not file objections, Defendants filed "partial" objections on March 12, 2014. Plaintiffs did not file a response.

In their objections, Defendants contend that the magistrate judge in the R&R erroneously concluded that there are genuine issues of material fact on the issue of severability of the gas production rights and storage rights by reason of: (i) the lease's assignment clause; (ii) production rights under the lease being subleased to Range Resources, and the sublease being subsequently assigned to NEVCO; and (iii) Range Resources' consummation of a "top lease" with Plaintiffs in 2007. They argue that Plaintiffs never raised the issue of severability in their pro se motion, they dealt with it only in passing in their opposition, and the court did not have the benefit of "full argument" on the issue. Defendants assert that the sublease and its subsequent assignments, the "top lease" and the assignment clause are all irrelevant to the issue of severability.

Upon review, the court concludes that Defendants' arguments are misplaced. The R&R did not reach any conclusion with respect to the issue of severability. The R&R merely noted that, although Defendants had argued that dual purpose leases in general appear incompatible with the notion of severability of storage and production rights, Defendants had not discussed the assignment clause in the lease, the history of separate assignments of the production rights or the lease consummated with Plaintiffs in 2007.[1] The R&R posed a series of rhetorical questions about the effect of these developments (R&R at 22) and stated that

> the Court need not conclusively answer these questions or determine as a matter of law that production rights and storage rights under the Lease were not severable (which would be Defendants' position). Rather, the only question presented is whether they have pointed to genuine issues of material fact such that it cannot be

---
[1] The phrase "top lease" does not appear in the record prior to Defendants' objections.

said that the rights were severable. For all of the reasons cited above, they have pointed to such evidence and it cannot be determined on this record whether the rights were severable or not.

(R&R at 22-23.) Thus, the magistrate judge in the R&R reached no conclusions and gave Defendants no ground for filing objections. It is noted that, had Defendants wished to file a motion for summary judgment arguing that they were entitled to judgment as a matter of law on the question of who owns the production rights to the natural gas reserves on Plaintiffs' land, they could have done so. Because they chose not to file a motion, the magistrate judge in the R&R merely pointed out an issue that remains to be resolved at trial.

AND NOW, this 16th day of April, 2014,

IT IS ORDERED that the motion for partial summary judgment filed on behalf of plaintiffs Rugh A. Mason and Sherry L. Mason (ECF No. 53) is denied.

IT IS FURTHER ORDERED that the motion in limine filed by the plaintiffs (ECF No. 55) is dismissed.

IT IS FURTHER ORDERED that the joint motion to strike the plaintiffs' motion for partial summary judgment, filed on behalf of defendants Range Resources-Appalachia, LLC and NiSource Energy Ventures, LLC (ECF No. 58) is denied.

Magistrate Judge Mitchell's Report and Recommendation filed on February 26, 2014 (ECF No. 65), is adopted as the opinion of the court, as supplemented herein.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States Chief District Judge

cc: Rugh A. Mason and Sherry L. Mason
99 Buck Run Road
Claysville, PA 15323